33 F.3d 64
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Clarence E. CHATMAN, Plaintiff-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Defendant-Appellee.
 No. 94-1077.
 United States Court of Appeals, Federal Circuit.
 Feb. 24, 1994.
 
 Before ARCHER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 Pursuant to the court's December 16, 1993 order directing responses concerning this court's jurisdiction, Clarence E. Chatman submits a "request for summary judgment" and the Secretary of Veterans Affairs moves to dismiss for lack of jurisdiction.
 
 
 2
 On September 20, 1993, the United States District Court for the Southern District of California, 93-1369-K, dismissed Chatman's complaint seeking damages of $30 million in connection with a denial of his claim for veterans benefits.[1] The district court stated that it lacked jurisdiction over the case pursuant to 28 U.S.C. Sec. 7291 and Sec. 7292. Chatman appealed to this court.
 
 
 3
 This court lacks jurisdiction to review the district court's dismissal order. See 28 U.S.C. Sec. 1295. The only possible basis for the district court's jurisdiction would have been the Tucker Act, 28 U.S.C. Sec. 1346. However, Chatman's complaint sought damages in excess of $10,000 and thus was not a Little Tucker Act case. In essence, the district court's dismissal order informed Chatman that the proper court for challenging veterans benefits matters is the Court of Veterans Appeals.[2]
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to dismiss is granted.
 
 
 6
 (2) All other motions are moot.
 
 
 7
 (3) Each side shall bear its own costs.
 
 
 
 [1]
 Chatman is also pursuing his claim before the Department of Veterans Affairs and the Court of Veterans Appeals. On September 15, 1993 the Court of Veterans Appeals remanded Chatman's case to the Board of Veterans Appeals for further proceedings
 
 
 [2]
 Because Chatman has properly challenged this matter before that court and his case is presently before the Board on remand, we decline in the interest of justice to transfer this appeal to the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. Sec. 1631